## PETER HALBERT v. THE STATE.

Where an affidavit for a continuance neither shows justification nor such facts
as would reduce the killing to a lower degree of homicide, to overrule it is
no error.  (Paschal's Dig., Art. 2987, Note 736.)

APPEAL from McLennan.  The case was tried before
Hon. ANDREW J. EVANS, one of the district judges.

There was no bill of exceptions to the overruling the
motion for a continuance, but the order stated that the
defendant did except.  The proof was that both the pris-
oner and the accused were freedmen; that they had once
had some difficulty; that the accused came to the field
where the witnesses and the deceased were at work, and
complained to the foreman that the deceased had been
talking about him; the foreman remarked that it should
be stopped, and the accused said he was satisfied and went
away.  Fifteen minutes afterwards he returned with his
gun, accompanied by another freedman, and said the mat-
ter must be settled then.  The deceased came up, and, after
a few words of altercation, the accused shot the deceased.
The accused proved a good character, and that he immedi-
ately surrendered himself to the authorities.  Being found
guilty of murder in the first degree, the prisoner moved
for a new trial, and, the motion having been overruled, he
appealed.

No brief for the appellant has been furnished to the
*Reporter.*

*E. B. Turner, Attorney General,* for the state.

LINDSAY, J.—This was an indictment for murder, upon
which the accused was found guilty of murder in the first
degree.  He has appealed to this court, and the only error

relied upon is the alleged error of the court in refusing to grant him a continuance at the term of the court at which he was tried because of the absence of a witness, by whom, he stated in his affidavit, he could prove that the person killed by him, on the night before, and on the morning of the killing, had seriously threatened his life, and that he would never die satisfied until he had killed him; that he brandished a stick over his head, and said that he would never make friends with him. These were the most important and the only facts set forth in the affidavit for a continuance of the cause which could be imagined to be at all material to the defense. But if these facts had been established by undoubted proof it would not have mitigated the offense of the killing of the deceased. It would not have justified the jury, upon the other unimpeached testimony introduced before them, to reduce the grade of homicide even. According to the facts proved, the killing was deliberate, premeditated, and most wanton; and, admitting the truth of the statements made in the affidavit, they ought not to have altered the verdict of the jury, as found, if they had been satisfactorily proved before them. So, if the testimony had been obtained, it could not have benefited the accused. From the statement of the witnesses who were present and saw the tragedy, and of those who testified to circumstances preceding it, the act of killing was wanton, deliberate, malicious. The affidavit did not contain such substantive facts, in justification or in mitigation of the offense charged, as to control the discretion of the court in granting or refusing a continuance. And as we are satisfied a different result, consistent with the principles of criminal justice, would not have been attained by any such proof by the absent witness, the judgment and sentence of the court below is

AFFIRMED.